55 CCPA

**Application of Hans SOENKSEN, Wilhelm Baumeister and Erich Umlauf.**

**Patent Appeal No. 7944.**

United States Court of Customs and Patent Appeals.

May 9, 1968.

Rehearing Denied July 3, 1968.

Marzall, Johnston, Cook & Root, Herbert B. Keil, Chicago, Ill., for appellants.

Joseph Schimmel, Washington, D. C. (Jack E. Armore, Washington, D. C., of counsel), for Commissioner of Patents.

Before RICH, Acting Chief Judge, and SMITH, ALMOND and KIRKPATRICK,* Judges.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the rejection of all of the claims in appellants' application entitled "Production of Carboxylic Acid Esters of Tertiary Alcohols." [1]

The invention deals with the production of tertiary esters by the reaction of a carboxylic acid with an isoolefin in the presence of an acid catalyst and recovery of the product in high yields by a vacuum distillation process. The novelty upon which appellants base their argument for patentability is the use of a vacuum distillation separation process in combination with this particular chemical reaction.

The claims on appeal are claims 2–9, all of which depend from unappealed claim 1.[2] The claimed invention is,

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. Serial No. 183,030 filed March 28, 1962.

2. Appellant attempted to cancel claim 1 and rewrite claim 2 to incorporate all limitations of claim 1. The amendment was refused under Rules 119 and 126. However, the board considered claim 2 in its present dependent form, and we will do likewise.

therefore, illustrated by claims 1 and 2 read together:

1. A process for the production of carboxylic acid esters of tertiary alcohols which comprises reacting an aliphatic carboxylic acid selected from the group consisting of saturated carboxylic acids with one to five carbon atoms and hydrocarbon structure apart from the carboxylic group, carboxylic acids with one to five carbon atoms containing one olefinic double bond and having hydrocarbon structure apart from the carboxylic group, and the said saturated and unsaturated carboxylic acids substituted by chlorine, the said substituted and unsubstituted saturated and unsaturated carboxylic acids having boiling points under atmospheric pressure of between 100 and 200° C., at a temperature between +10° and +50° C. at a pressure of between 500 mm Hg and 10 atmospheres in the presence of an acid catalyst having an equilibrium pressure of 1 atmosphere above 200° C. with an isoolefin having four to five carbon atoms, separating the reaction mixture containing said acid catalyst by distillation at a pressure between 0.1 and 100 mm Hg into a more volatile fraction consisting mainly of the carboxylic acid ester and a less volatile fraction containing the catalyst, and recovering the carboxylic acid ester from said more volatile fraction.

2. A process as claimed in claim 1 wherein the process is carried out continuously and the less volatile fraction of the reaction mixture is returned to the reaction zone.

The remaining appealed claims depend from claim 2, and contain limitations not material to the issue before us.

The references relied on by the examiner are:

Lee 2,041,193 May 19, 1936
Coleman 2,224,809 December 10, 1940
Weissberger, Technique of Organic Chemistry, Vol. IV, Distillation (1951).

---

The claims were rejected "as unpatentable over" Coleman in view of Lee and further in view of Weissberger.

Coleman teaches the preparation of isopropyl esters (secondary esters) of aliphatic acids by reacting propylene with acetic acid in the presence of an acid catalyst. With regard to the separation, Coleman teaches that his process can be carried out continuously, and states:

In each of the foregoing examples, the ester product was separated from the reacted mixture through fractional distillation of the latter. Any tendency of the reacted mixture toward charring may be avoided by carrying the last stage of the fractional distillation out under sub-atmospheric pressure. Instead of separating the ester product from the reaction mixture through direct distillation of the latter, the cooled reaction mixture may, of course, be neutralized with a basic material, washed with water, dried, and finally purified through distillation. However, such intermediate steps ordinarily are unnecessary in practicing the invention.

Lee was relied upon by the examiner "to show that in the esterification of olefins, the use of normal olefins and isoolefins (to produce secondary and tertiary esters respectively) suggest one another."

Weissberger teaches that it is conventional to use vacuum distillation to avoid thermal decomposition during distillation.

The examiner expressed the rejection in his answer as follows:

Claims 1–10 stand rejected as unpatentable over Coleman in view of Lee and further in view of Weissberger. It is considered that the use of isoolefins in place of normal olefins in the Coleman process to yield tertiary esters instead of secondary esters would be obvious in view of Lee's disclosure that this is the expected result. Weissberger further shows that it would be obvious to the skilled chemist to turn to vacuum distillation of distillation at atmospheric pressure involved extensive decomposition of the desired material. It is conceded that numerous independent prior art workers noted that distillation of the tertiary esters resulted in extensive decomposition and turned to other methods such as prior neutralization of the acid catalyst. However, it is considered that *to the extent that conventional vacuum distillation, and* THIS IS ALL THAT THE CLAIMS RECITE, *is utilizable, its use is obvious.* \* \* \*

Having thus clearly expressed a rejection under 35 U.S.C. 103, the examiner launched into a discussion which appears to be more related to sufficiency of disclosure than to obviousness. Since this was not raised as a reason for appeal, we would not need to consider it at all except for a "concession" made by the examiner in this discussion. The examiner said:

The Examiner's first reaction is of course this must have been tried. And indeed most likely the claimed procedure was tried by many and without success. For it turns out upon close examination that the key is not the simple claimed procedure but the use of specialized equipment or conditions. *Thus at the outset the Examiner will concede that the successful (no extensive decomposition) distillation under moderate vacuum of tertiary esters in the presence of acid catalysts is not obvious in view of the prior art.* [Emphasis added.]

The appellants urge that the examiner thus conceded unobviousness of the claims provided the alleged results were really obtained, and that the board was in error in giving no weight to the concession. We do not understand what the examiner had in mind when making this "concession." However, insofar as it is taken as conceding the unobviousness of the appealed claims, it is directly contradictory to the last sentence of the previously quoted portion of the Examiner's Answer. We do not believe that the board was in error in refusing to accept this sentence as an outright concession of unobviousness. Even if the concession had been unequivocal, it is within the power of the board to reverse the examiner. Insofar as any concession may have existed, therefore, we consider it to have been overruled by the board's finding the invention to be obvious.

In its decision, the board affirmed as follows:

We will sustain this rejection because we are convinced that the claimed process would have been obvious to a chemist of ordinary skill in the esterification art from the references relied on.

Appellants urge that the board erred in arguing that the process claimed might not be operable using crude equipment, and that this argument had no place in the determination of obviousness. While we agree with appellants on the point of law involved, it does not appear to us that the board did in fact consider operability in relation to obviousness. On the contrary, the board noted that the examiner had been concerned about whether the process would be operable using unsophisticated equipment, but the board then held:

The appealed claims, however, require no determination whether the employment of a specialized distillation such as a falling film evaporator giving a 0.4 to 0.8 second time of exposure (see Weissberger Table III) would be attended by results not to be expected of a pot still giving a 1–5 hour expo-

sure. The claims call for merely a distillation at a pressure within a wide range of pressures.

We agree with the examiner and the board that the claims on appeal are obvious in view of the cited references.[3] Considering Lee's teaching that secondary and tertiary esters can be prepared by similar reactions involving normal olefins and isoolefins, and Coleman's teaching that secondary esters can be separated from the reaction mixture by vacuum distillation, it would seem obvious to separate tertiary esters from their reaction mixture by means of vacuum distillation, particularly since Weissberger suggests vacuum distillation of thermally sensitive materials.

Despite a considerable amount of confusion by the examiner as to the questions pertinent to a rejection under 35 U.S.C. 103, the fact remains that the rejection was clearly expressed in the Answer and explicitly restated to the exclusion of any other ground of rejection in the Examiner's Answer on Remand. The board expressly affirmed the obviousness rejection, correctly noting that it was unnecessary to consider the effect of various types of apparatus with regard to the particular claims before it. We are not persuaded of any error in the rejection.

The appellants also maintain that the board erred in holding that the claims recite no particular method for carrying out the distillation. The statement referred to appears in the board's decision on request for reconsideration. Reading this decision in conjunction with the original decision, it is clear that the board meant that the claims are not limited to a particular vacuum distillation apparatus, which fact is confirmed by appellants' brief.

The decision of the Board of Appeals is affirmed.

Affirmed.

3. The Umlauf affidavit, which was filed to answer some of the examiner's problems concerning the sufficiency of the disclosure, is not considered herein because it is not pertinent to the obviousness rejection.